**AGRIBANK, FCB, Plaintiff,**

v.

**Harold D. BERGMAN and V. Arlene Bergman, Defendants.**

**Civ. No. 93–4346–JPG.**

United States District Court, S.D. Illinois.

March 22, 1994.

William W. Austin, Parker, Siemer, Austin & Resch, Effingham, IL, for plaintiff.

Harold D. and V. Arlene Bergman, pro se.

## MEMORANDUM AND ORDER

GILBERT, Chief Judge:

Pending before this Court is a motion to remand this cause of action to state court (Document No. 6). The basis for this motion is threefold and include: 1) the Federal Debt Collection Procedure Act of 1990 is inapplicable to Farm Credit System institutions; 2) the Federal Debt Collection Procedures Act of 1990 is inapplicable to a Farm Credit System institutions' right to enforce a security agreement; and 3) a judgment entered in a state court is not subject to the Federal Debt Collection Procedure Act of 1990.

This Court will dispose of this motion by addressing the first argument that the Federal Debt Collection Procedure ("FDCP") is inapplicable to Farm Credit System institutions. The FDCP states that "[e]xcept as provided in subsection (b), the chapter provides the exclusive civil procedures for the United States—(1) to recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim." 28 U.S.C. Section 3001(a)(1) & (2). United States is defined as "(A) a federal corporation; (B) an agency, department, commission, board, or other entity of the United States; or (C) an instrumentality of the United States." 28 U.S.C. Section 3002(15)(A), (B), (C). Accordingly, the question presented to this Court is whether the FDCP's definition of "United States" includes Agribank.

■ It is well settled law that the federal land banks, national farm loan associations, local co-operative organizations of borrowers through which the land banks make loans to individuals (all institutions within the Farm Credit System, including Agribank) are federal instrumentalities. *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 102, 62 S.Ct. 1, 5, 86 L.Ed. 65 (1941), *citing, Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921) and *Federal Land Bank v. Priddy*, 295 U.S. 229, 231, 55 S.Ct. 705, 706, 79 L.Ed. 1408 (1935).

As the defendant admits, the FDCP, when viewed alone, appears to be applicable to debts owed to constituent institutions of the Farm Credit System, including itself. However, the Farm Credit Act of 1959, Public Law 86–168, Section 203(b) states:

> Any act of Congress enacted after the effective date of this title and which states that it shall be applicable to agencies or instrumentalities of the United States or to corporations controlled or owned, in whole or in part, by the United States, or to officers and employees of the United States or such agencies or instrumentalities or corporations, shall not be applicable to a Federal land bank, Federal intermediate credit bank, or bank for cooperatives, or to its directors, officers, or employees unless such Act specifically so provides by naming such banks.

Section 203(b), which was not codified, appeared as a note to Section 640*l* in Title 12 of the United States Code, 1970 edition. Subsequently, the Farm Credit Act of 1971, PL 92–181, Title V, Section 5.26(a) repealed Section 640*l* and the Federal Farm Loan act as amended. However, in this 1971 act, only Title II, Section 201, of the Farm Credit Act of 1959 was repealed. Therefore, Section 203(b) has never been repealed and is still effective, despite that it is no longer found as a note to Section 640*l* in Title 12 of the United States Code.

■ Accordingly, unless the FDCP has a specific provision which states that it shall apply to the institutions within the Farm Credit System, the FDCP is inapplicable to these institutions. Upon review of the Federal Debt Collection Procedure in its entirety, no specific reference has been made to

include any of the Farm Credit System's institutions. Consequently, this Court finds that the Act is inapplicable to Agribank.

This case was removed to the federal court based on federal question jurisdiction because of the federal issue raised under the Federal Debt Collection Procedure Act. Having found that this Act is inapplicable to Agribank, the Court concludes that the plaintiff's claim does not arise under federal law and, therefore, this Court lacks subject matter jurisdiction over this case. Accordingly, this Court hereby remands this cause of action to the Circuit Court for the Fourth Judicial Circuit, Effingham County.

Based on the foregoing, this Court need not address the remaining two issues raised by the motion to remand and the Court hereby **GRANTS** the plaintiff's motion to remand (Document No. 6).

**IT IS SO ORDERED.**